UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHONDELL PAUL,

                 Plaintiff,

v.

                                                        9:13-CV-1040
                                                        (GTS/DEP)

THOMAS LaVALLEY, Super., Clinton Corr. Facility;
and S. BROWN, Dep. Super., Clinton Corr. Facility,

                 Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

SHONDELL PAUL, 01-B-1181
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN              CHRISTOPHER J. HUMMEL, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Shondell Paul ("Plaintiff") against the two above-captioned employees of the New York State Department of Corrections and Community Supervision at Clinton Correctional Facility ("DOCCS") in Dannemora, New York ("Defendants"), are (1) Defendants' motion for summary judgment, (2) the Magistrate Judge's Report-Recommendation recommending that Defendants' motion be denied, and (3) Defendants' Objection to the Report-Recommendation. (Dkt. Nos. 35, 54, 55.) For the reasons set forth below, the Report-Recommendation is rejected, Defendants' motion for summary judgment is granted, and Plaintiff's Amended Complaint is dismissed.

I. **RELEVANT BACKGROUND**

   A. **Plaintiff's Claims**

   Generally, the portion of Plaintiff's Amended Complaint surviving the Court's Decision and Order of December 23, 2014, and the Second Circuit's Mandate of May 12, 2015, is Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendants based on the allegation that Plaintiff was deprived of the means to exercise in the absence of warm clothing during the winters of 2012-2013 and 2013-2014 and that Defendants failed to remedy that deprivation. (Dkt. Nos. 7, 11, 15.)

   B. **Magistrate Judge's Report-Recommendation**

   Generally, in his Report-Recommendation, the Magistrate Judge rendered the following four findings of fact and conclusion of law: (1) based on the current record, a genuine dispute of material fact exists as to the objective element of Plaintiff's Eighth Amendment conditions-of-confinement claim (given, *inter alia*, the evidence that the average Farenheit temperature at Dannemora during the two winters in question was 19.59 degrees, and his testimony that his coat was "lightweight" and thus not effective at protecting him from the weather during that time); (2) based on the current record, a genuine dispute of material fact exists as to the subjective element of Plaintiff's Eighth Amendment conditions-of-confinement claim (given, *inter alia*, the evidence that Plaintiff notified both Defendants that the clothing to which he had access was inadequate, and the evidence that Defendants investigated Plaintiff's allegations and had the authority to issue additional clothing); (3) based on the current record, a genuine dispute of material fact exists as to whether Defendants–both supervisors–were personally involved in the Eighth Amendment violation alleged (given, *inter alia*, the evidence that they both were aware

of Plaintiff's request for additional clothing, and they both had the authority to issue Special Housing Unit inmates such as Plaintiff additional clothing that was not specifically provided for in DOCCS Directive # 4933); and (4) based on the current record, a genuine dispute of material fact exists as to whether Defendants are protected from liability as a matter of law by the doctrine of qualified immunity (given, *inter alia*, the fact that prisoners have a clearly established constitutional right to out-of-cell exercise subject to facility safety and security concerns, and the fact that evidence exists undermining Defendants' assertion that they believed their depriving Plaintiff of long underwear was lawful because of legitimate penological interests, i.e., avoiding the security risks posed by tight-fitting clothing). (Dkt. No. 54, at Part III.)

    **C.**    **Defendants' Objection to the Report-Recommendation**

Generally, in their Objection, Defendants assert two arguments: (1) the Magistrate Judge erred in finding that a genuine dispute of material fact exists as to the objective element of Plaintiff's Eighth Amendment conditions-of-confinement claim, because (a) the governing legal standard turns on whether there was a "extreme" deprivation not merely discomfort, (b) here, it is undisputed that Plaintiff was provided with not just a coat but, *inter alia*, a sweatshirt and a knit cap, (c) Plaintiff's deposition testimony that this was inadequate does not mean it was constitutional inadequate, and (d) the use of historical weather data was improper because it failed to include the entire period asserted by Plaintiff (October 1 to March 1 or sometimes March 30)[1] and it failed to consider only the (warmer) daylight hours during which Plaintiff would have been offered outdoor recreation; and (2) the Magistrate Judge erred in finding that a genuine dispute of material fact exists as to the objective-reasonableness part of the two-part test

---

[1] (Dkt. No. 35, Attach. 2, at 16-17 [attaching pages "14" and "15" of Plf.'s Depo. Tr.].)

governing the qualified immunity defense, because he incorrectly based his finding only on the evidence undermining Defendants' asserted belief that they were following a policy that advanced a legitimate penological interest (i.e., security), when in fact Defendants can, and do, rely also on that defense merely because they reasonably believed that Plaintiff had available to him adequate clothing. (Dkt. No. 55.)

## II. GOVERNING LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider an argument that could

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the

have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.      **Standards Governing Plaintiff's Claim and Defendants' Defenses**

Because the Report-Recommendation adequately recites the general legal standards governing Plaintiff's Eighth Amendment conditions-of-confinement claim, and Defendants' defenses of lack of personal involvement and qualified immunity, the Court will not repeat those legal standards in this Decision and Order, which is meant primarily for the review of the parties, but will respectfully refer the reader to the relevant portions of the Report-Recommendation. (Dkt. No. 54, at Parts III.B., III.C. and III.D.)

---

[4]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

## III. ANALYSIS

The Court begins its analysis by finding that Defendants' Objection fails to challenge the second and third findings of fact and conclusions of law in the Magistrate Judge's Report-Recommendation (i.e., that a genuine dispute of material fact exists as to the subjective element of Plaintiff's Eighth Amendment conditions-of-confinement claim, and that a genuine dispute of material fact exists as to whether Defendants–both supervisors–were personally involved in the Eighth Amendment violation alleged). (*Compare* Dkt. No. 55 [Defs.' Obj.] *with* Dkt. No. 54, at Parts III.B. through III.D. [Report-Recommendation].) As a result, those two portions of the Report-Recommendation are subject to only a clear-error review. *See, supra,* Part II.A. of this Decision and Order. After carefully reviewing the relevant papers herein, the Court finds that the second and third findings of fact and conclusions of law in the Report-Recommendation survive that review for the thorough and correct reasons stated in the Report-Recommendation. (Dkt. No. 54, at Parts III.B.2. and III.C. [Report-Recommendation].)

Turning to those portions of the Report-Recommendation that Defendants' Objection does challenge, the Objection challenges the first and fourth findings of fact and conclusion of law in the Magistrate Judge's Report-Recommendation (i.e., that a genuine dispute of material fact exists as to the objective element of Plaintiff's Eighth Amendment conditions-of-confinement claim, and that a genuine dispute of material fact exists as to whether Defendants are protected from liability as a matter of law by the doctrine of qualified immunity). (*Compare* Dkt. No. 55 [Defs.' Obj.] *with* Dkt. No. 54, at Parts III.B. through III.D. [Report-Recommendation].) As a result, those two portions of the Report-Recommendation are subject to *de novo* review. *See, supra,* Part II.A. of this Decision and Order.

With regard to Defendants' challenge to the first finding of fact and conclusion of law in the Report-Recommendation (i.e., that a genuine dispute of material fact exists as to the objective element of Plaintiff's Eighth Amendment conditions-of-confinement claim), Defendants' arguments (which are summarized above in Part I.C. of this Decision and Order) are well taken; however, ultimately they do not persuade the Court that an error was made by the Magistrate Judge. The Court renders this finding for the thorough and correct reasons stated in the Report-Recommendation. (Dkt. No. 54, at Part III.B.1. [Report-Recommendation].) The Court notes that, while Defendants' argument about daylight hours has some appeal, the Court must reject it because (1) the Magistrate Judge was entitled to take judicial notice of the fact in question (which appears to be the only relevant information available from the website relied upon), and (2) Defendants never adduced proof of the extent to which the temperatures became warmer, if at all, during daylight hours in Dannemora, New York, during the time in question. (*See generally* Dkt. No. 35 [Defs.' Motion for Summary Judgment].) As a result, the Court finds that the first finding of fact and conclusion of law in the Report-Recommendation survives *de novo* review.

With regard to Defendants' challenge to the fourth finding of fact and conclusion of law in the Report-Recommendation (i.e., that a genuine dispute of material fact exists as to whether Defendants are protected from liability as a matter of law by the doctrine of qualified immunity), Defendants' focus their challenge on the Magistrate Judge's finding regarding second part of the two-part test governing the qualified immunity defense: i.e., that Defendants should have reasonably been aware that their actions violated Plaintiff's clearly established Eight Amendment

rights.⁶  As stated above in Part I.C. of this Decision and Order, Defendants argue that the Magistrate Judge incorrectly based that finding only on the evidence undermining Defendants' asserted belief that they were following a policy that advanced a legitimate penological interest (i.e., security), when in fact Defendants can, and do, rely also on that defense merely because they reasonably believed that Plaintiff had adequate clothing.  (Dkt. No. 55.)

A threshold question the Court must answer in evaluating this challenge is whether Defendants presented their adequate-clothing argument to the Magistrate Judge.  (This is because a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See, supra,* Part II.A. of this Decision and Order.)  After carefully reviewing Defendants' memorandum of law in support of their motion for summary judgment, the Court answers this question in the affirmative.

On pages 21 and 22 of their underlying memorandum of law, Defendants present two paragraphs in support of their argument that, based on the evidence in this case, it is undisputed that a reasonable DOCCS employee could have reasonably believed that Defendants' conduct did not violate Plaintiff's constitutional right.  (Dkt. No. 35, Attach. 6, at 23-24 [attaching pages "21" and "22" of Defs.' Memo. of Law].)  The first paragraph argues that Defendants "reasonably believed that inmates were issued adequate clothing for winter weather conditions . . . ."  (*Id.* at 23.)⁷  The second paragraph argues that Defendants were relying on a DOCCS' policy

---

⁶ The Court notes that the Magistrate Judge's finding regarding the first part of the two-part test governing the qualified immunity defense (i.e., that the right in question was clearly established at the time of the challenged conduct) survives clear-error review for the thorough and correct reasons stated in the Report-Recommendation.  (Dkt. No. 54, at Part III.D. [Report-Recommendation].)

⁷ More specifically, the three reasons for this asserted reasonable belief were (1) the fact that the current clothing was consistent with two DOCCS Directives, implying that the current clothing (including the coat) were adequate, (2) a Central Office Review Committee ruling actually finding the current clothing (including the coat) adequate, and (3) the simple fact that the current clothing (including the coat) were regularly issued.  (Dkt. No. 35, Attach. 6, at 23 [attaching page "21" of Defs.' Memo. of Law, citing to paragraphs from the declarations of LaValley and Brown, which further support the third reason].)

(of no long underwear because of a security risk) because it advanced a penological interest. (*Id.* at 23-24.) As a result, while admittedly not a model of clarity, when viewed closely, the two paragraphs present two separate arguments focusing on different things–a belief in the adequacy of the current clothing for various reasons versus a policy of not permitting long underwear due to a security risk. For these reasons, the Court must, and will, consider Defendants' argument that they reasonably believed that Plaintiff had adequate clothing.[8]

As indicated above in note 7 of this Decision and Order, Defendants offer three reasons for their argument that they reasonably believed that Plaintiff had adequate clothing: (1) the fact that Plaintiff's clothing was consistent with DOCCS Directives # 3081 and # 4933, which implies that the clothing (including the coat in question) was adequate; (2) the fact that, on July 25, 2012, the Central Office Review Committee issued a decision on Grievance No. CL-61947-12 ruling that the "state clothing issued to [the grievant] in accordance with Directive #4933 [which included the coat in question] while he was housed in SHU" was "sufficient for winter weather"; and (3) the fact that Plaintiff's clothing (including the coat in question) was in common use for one-hour recreation outdoor during the winter season (across DOCCS in both their general population and SHU). (Dkt. No. 35, Attach. 6, at 23 [attaching page "21" of Defs.' Memo. of Law, citing to paragraphs from the declarations of LaValley and Brown, which further support the third reason]; Dkt. No. 35, Attach. 4, at 10, 17, 31, 50, 120, 128 [Ex. D to LaValley Decl.]; Dkt. No. 35, Attach. 4, at ¶¶ 30-31 [LaValley Decl.]; Dkt. No. 35, Attach. 5, at ¶¶ 23-24

---

[8] The Court notes that, because Magistrate Judge interpreted these two paragraphs as asserting the same argument (i.e., that Defendants' were following a policy that advanced a penological interest), he addressed only that argument. (Dkt. No. 54, at 33 [Report-Recommendation].) The Court notes further that, because Defendants' Objection identifies no specific flaw with the Magistrate Judge's finding that a genuine dispute of material fact exists regarding whether Defendants' were following a policy that advanced a penological interest, that finding is subject to only a clear-error review, which the Court finds its survives for the reasons stated in the Report-Recommendation. (Dkt. No. 54, at Part III.D. [Report-Recommendation].)

[Brown Decl.]; *cf.* Dkt. No. 35, Attach. 4, at 10, 17, 31, 50, 120, 128 [Ex. D to LaValley Decl.].)

The Court notes that it is undisputed that, during the time in question, Plaintiff had available to him the following clothing: cotton socks, canvas sneakers, rubber galoshes, pants, a short-sleeved button-down shirt, a "medium weight" sweatshirt, a coat, and a knit hat. (Dkt. No. 35, Attach. 2, at 18-19, 50, 51, 52 [attaching pages "16," "17," "48," "49" and "50" of Plf.'s Depo. Tr.]; Dkt. No. 7, at ¶ 178 [Plf.'s Verified Am. Compl.]; Dkt. No. 42, at ¶¶ 24, 25, 28, 33, 43, 44 [Plf.'s Rule 7.1 Response, admitting, or failing to specifically deny, above-stated facts asserted and supported by Defendants in their Rule 7.1 Statement].)

The Court notes also that, although Plaintiff testified that the coat was "lightweight," he also testified that its material was of "medium" "thickness," with an "insulated layer" on the inside. (Dkt. No. 35, Attach. 2, at 18-19 [attaching pages "16" and "17" of Plf.'s Depo. Tr.].) More specifically, the following facts are undisputed about the coat: (1) it is made of an outer shell composed of 65% polyester and 35% cotton;[9] (2) it is made of a quilted lining composed of three layers consisting of a nylon taffeta outer layer, a polyester fiber filling, and a backing of nonwoven/spun nylon or polyester;[10] (3) it has a zipper front, a knit collar, and knit cuffs;[11] and (4) it has pockets.[12]

The Court notes also that it is undisputed that, under this coat which had quilted three-

---

[9] (Dkt. No. 35, Attach. 3, at ¶ 27 [Graziano Decl.]; Dkt. No. 42, at ¶ 13 [Plf.'s Rule 7.1 Response, admitting, or denying without an accurate record citation, the above-stated facts asserted and supported by Defendants in their Rule 7.1 Statement].)

[10] (Dkt. No. 35, Attach. 3, at ¶ 27 [Graziano Decl.]; Dkt. No. 42, at ¶ 13 [Plf.'s Rule 7.1 Response, admitting, or denying without an accurate record citation, the above-stated facts asserted and supported by Defendants in their Rule 7.1 Statement].)

[11] (Dkt. No. 35, Attach. 3, at ¶ 27 [Graziano Decl.]; Dkt. No. 42, at ¶ 13 [Plf.'s Rule 7.1 Response, admitting, or denying without an accurate record citation, the above-stated facts asserted and supported by Defendants in their Rule 7.1 Statement].)

[12] (Dkt. No. 35, Attach. 3, at ¶ 29 [Graziano Decl.].)

11

layer lining, Plaintiff could have worn *both* the short-sleeved button-down shirt *and* the "medium weight" sweatshirt. (Dkt. No. 35, Attach. 3, at ¶ 16 [Graziano Decl.]; Dkt. No. 35, Attach. 4, at ¶ 20 [LaValley Decl.]; Dkt. No. 35, Attach. 5, at ¶ 16 [Brown Decl.]; Dkt. No. 42, at ¶ 31 [Plf.'s Rule 7.1 Response, admitting above-stated fact asserted and supported by Defendants in their Rule 7.1 Statement].)

Finally, the Court notes that it is undisputed that Plaintiff never tried to exercise outdoors in this clothing. (Dkt. No. 35, Attach. 2, at 20 [attaching page "18" of Plf.'s Depo. Tr.]; Dkt. No. 42, at ¶ 45 [Plf.'s Rule 7.1 Response, admitting above-stated fact asserted and supported by Defendants in their Rule 7.1 Statement].) As a result, Plaintiff never complained that he had unsuccessfully tried to exercise outdoor in this clothing. (*See, e.g.,* Dkt. No. 35, Attach. 4, at 122, 126-27, 129-31 [Ex. D to LaValley Decl., attaching Plf.'s Grievance No. CL-63492-13, an Investigative Report, Plf.'s letters of Jan. 8, 2013, and Jan. 3, 2013, and an internal memorandum dated Jan. 11, 2013].)

Based on this evidence, the Court finds that it is undisputed that a reasonably competent superintendent or deputy superintendent could have believed that Defendants' acts (in not permitting Plaintiff long underwear based on what they believed about the clothing and knew about Plaintiff's complaints) did not violate the Eighth Amendment. The Court hastens to add that it is *not* ruling that there is no genuine dispute of material fact regarding whether there was in fact a violation of the Eighth Amendment.

**ACCORDINGLY**, it is

**ORDERED** that the Magistrate Judge's Report-Recommendation (Dkt. No. 54) is **<u>REJECTED</u>**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 35) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 7) is **DISMISSED**.

Dated: March 28, 2017
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge