

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct:  (518) 776-2578

September 14, 2018

Honorable Glenn T. Suddaby
Federal Building & Courthouse, Room 900
100 South Clinton Street
Syracuse, NY  13261

Re:  *Paul v. LaValley et al*
     *Northern District of New York*
     13-CV-1040 (GTS)(DEP)

Dear Judge Suddaby:

Defendants submit this status report per the Court's instruction during the September 11, 2018 telephone pretrial conference.

There does not appear to be any dispute between the parties as to the following facts concerning practices and policies with respect to long underwear at Clinton Correctional Facility ("Clinton"):

1. Prior to 2010, Clinton issued long underwear from the state shop to inmates in the Special Housing Unit ("SHU").

2. The practice of issuing long underwear from the state shop to SHU inmates at Clinton was discontinued in 2010.

3. Between April 13, 2010 and March 22, 2013, Clinton's Facility Operations Manual ("FOM") # 442 provided that inmates in Clinton's SHU were allowed to possess long underwear.  *See* Dkt. No. 35-4 at p. 71.

4. Therefore, FOM # 442 did not prohibit inmates in SHU from wearing long underwear in their possession during the one-hour outdoor recreation period prior to March 22, 2013.

5. This is consistent with plaintiff's assertion that he was issued long underwear in 2009, not issued long underwear in 2010, but able to continue possessing and wearing his previously-issued long underwear during the 2010-2011 and 2011-2012 winters until it became too worn.  *See* Dkt. No. 42-2 at ¶¶ 4-13.

September 14, 2018
Page 2

6. On March 22, 2013, FOM # 442 was revised to remove long underwear from the list of items that an inmate was allowed to possess in SHU.  *See* Dkt. No. 35-4 at p. 83.

7. Therefore, after March 22, 2013, FOM # 442 did not permit inmates in SHU to wear or possess long underwear.

In light of the above, it is defendants' position that the three non-party witnesses plaintiff seeks to produce at trial (Dkt. No. 73) have no relevant testimony to offer as the testimony plaintiff has indicated they will offer pertains to facts that are not in dispute.  Furthermore, whether inmates other than plaintiff possessed or wore long underwear during the outdoor recreation period is not relevant to plaintiff's claim that he was unable to exercise outdoors because he did not possess long underwear.

Additionally, DOCCS has informed this office that the three witnesses identified by plaintiff are considered significant security risks and are housed in administrative segregation status at three separate DOCCS facilities due to histories of extreme violence.  DOCCS has indicated that producing these individuals for testimony at trial presents serious security concerns.  If the Court desires, defendants can elaborate further on this point.

Thank you for your consideration of this matter.

Respectfully yours,

*s/ Christopher J. Hummel*

Christopher J. Hummel
Assistant Attorney General
Bar Roll No. 519343
christopher.hummel@ag.ny.gov

cc:   David P. Doherty
      Thomas P. Givas
      Pappas, Cox, Kimpel, Dodd & Levine, PC
      Attorneys for Plaintiff
      (via CM/ECF)