UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHONDELL PAUL,

                          *Plaintiff*,

      -against-

THOMAS LaVALLEY, Superintendent, Clinton Correctional Facility, and S. BROWN, Deputy Superintendent, Clinton Correctional Facility,

                          *Defendants*.

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)**

13-CV-1040

GTS/DEP

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the parties and their attorneys, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

      1.     Plaintiff discontinues this action with prejudice and without damages, costs, interest or attorneys' fees, except as set forth below. Plaintiff further discharges and releases the defendants and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue

in any court, arbitration or administrative proceeding, any litigation or claims against the defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incident.

2. Defendants discharge and release plaintiff from any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action.

3. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

4. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

5. This settlement does not constitute a determination of, or admission by, any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

6. Following the execution of this stipulation and being so ordered by the Court, defendants shall pay to plaintiff the sum of $1,500 in full settlement of any and all claims. This amount includes all sums to which plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. Payment shall be made in the form of a check mailed to Great Meadow Correctional Facility for deposit into plaintiff's inmate account, or, in the event plaintiff is

transferred prior to the issuance of the check, to the correctional facility in which he is incarcerated at the time the check is mailed.

      7.      Payment by defendants of the amount specified in paragraph 6 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

      8.      This stipulation shall be null and void if the approvals referred to in paragraph 7 are not obtained.

      9.      Payment of the amount referenced in paragraph 6 will be made no later than one hundred and twenty (120) days after the approval of this stipulation by the Court and receipt by counsel of a copy of the so-ordered stipulation.

      10.      In the event that the terms of paragraph 7 are satisfied, but payment is not made within the 120-day period set forth in paragraph 9, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval.

      11.      The foregoing constitutes the entire agreement of the parties.

Dated: Comstock, New York
October 11, 2018

_____
Shondell Paul
Plaintiff

Dated: Syracuse, New York
October 11, 2018

_____
David P. Doherty, Esq.
Attorney for Plaintiff
Pappas, Cox, Kimpel, Dodd & Levine, PC
614 James Street
Syracuse, NY 13203

Dated: Albany, New York
October 11, 2018

BARBARA D. UNDERWOOD
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

By: /s/ Christopher J. Hummel
Christopher J. Hummel
Assistant Attorney General, of Counsel
Bar Roll No. 519343
Telephone: (518) 776-2578
Email: christopher.hummel@ag.ny.gov

Dated:   Syracuse, New York
         October ___, 2018

SO ORDERED:

_____
HON. GLENN T. SUDDABY
UNITED STATES DISTRICT COURT JUDGE

4